IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AROK ATEM,<br><br>                Plaintiff,<br><br>vs.<br><br>COUNTY OF LANCASTER, a Nebraska political subdivision, et al.;<br><br>                Defendants. | 4:13CV3017<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on Plaintiff's Motion for Leave to File a Fourth Amended Complaint, (Filing No. 209). For the reasons set forth below, the motion will be granted.

      Plaintiff filed his motion on March 24, 2015, seeking to amend his complaint to "focus and narrow the allegations." His Fourth Amended Complaint (the "Proposed Complaint") primarily contains additional factual allegations to bolster his previously stated claims, including specifically clarifying defendant Stacy Ruiz's role in Defendants' alleged malfeasance. The Proposed Complaint also adds an additional claim under 42 U.S.C. § 1983 for "Ratification." See Filing No. 209 at CM/ECF p. 24. However, this claim affects only defendants Thurber and Weber and does not implicate defendant Ruiz – the lone defendant to object to Plaintiff's Motion for Leave to File an Amended Complaint.

      Ruiz claims the Proposed Complaint adds a new claim against her. Her objection to Plaintiff's motion primarily focuses on the following paragraph from the Proposed Complaint:

> RENVILLE, WARD and RUIZ failed to meet a reasonable standard of medical and mental health care for ATEM, treating detainees such as ATEM as less deserving of reasonable medical and mental health

>evaluation and treatment than non-incarcerated patients. Although RENVILLE, WARD and RUIZ knew ATEM to exhibit symptoms of an emergency medical and/or mental health condition, RENVILLE, WARD and RUIZ failed to provide reasonable medical and/or mental health evaluation of ATEM's condition in a timely manner. This was done in violation of ATEM's right to due process and equal protection by employees and agents of governmental entities, including his right to medical treatment of an emergency medical condition.

Filing No. 209, ¶22 at CM/ECF p. 14.

Ruiz argues "Plaintiff's proposed Fourth Amended Complaint claims what appears to essentially be an action for medical malpractice under the subterfuge of 42 U.S.C. § 1983." Ruiz further states that even if Plaintiff is allowed to bring a medical malpractice action, the motion to amend must be denied a futile because the applicable statute of limitations bars any recovery for alleged medical malpractice.

## ANALYSIS

As an initial matter, Ruiz argues Plaintiff has not provided good cause for the amendment. But good cause is not the standard the court must apply in this case. Fed. R. Civ. P. 15(a)(2) requires that the court to allow amendments "freely . . . when justice so requires." A showing of good cause is not required unless a party is seeking to modify the scheduling order. Fed. R. Civ. P. 16(b)(4).

Here, Plaintiff specifically requested and received the right to amend her complaint up until seven (7) days after the deposition of the last Defendant to be deposed. (Filing No. 162). Defendant does not allege Plaintiff's request is out of time, and thus the court will evaluate the motion under the less demanding standard of Rule 15.[1]

---

[1] Based on the docket, at least one deposition was scheduled for as late as March 5, 2015. (Filing No. 197). Plaintiff filed a Motion for Leave to Amend his complaint on March 9, 2015.

Ruiz argues the proposed amendment is futile because Plaintiff cannot bring a cause of action for simple medical malpractice under the auspices of 42 U.S.C. § 1983. Having reviewed both the operative complaint and the Proposed Complaint, the court finds the Proposed Complaint would add detailed factual allegations which would, in turn, add specificity to the facts already alleged in the current operative complaint. The only new claim is for "ratification" – which does not implicate Ruiz. Plaintiff's constitutional claim under § 1983 alleges Plaintiff was afforded inadequate and improper medical treatment because Defendants were deliberately indifferent to Plaintiff's medical needs. Filing No. 209, ¶¶ 30-34 at CM/ECF p. 19. While Ruiz argues Plaintiff's Proposed Complaint would add a new claim for mere negligence, the paragraph she cites in support of this argument is part of the factual background recited in the Proposed Complaint. That cited paragraph is not referenced in any of Plaintiff's specific claims. And none of the claims for relief rely solely on Plaintiff's assertion that defendants Renville, Ward and Ruiz "failed to meet a reasonable standard of medical and mental health care." Filing No. 209, ¶ 22 at CM/ECF p. 14. Simply stated, the Plaintiff's Proposed Complaint does not seek to add a state medical malpractice claim.

Further, even if the Proposed Complaint could be interpreted as bringing a new claim for medical malpractice against Ruiz, all of the newly asserted facts relate back to the initial complaint for statute of limitations purposes. Fed. R. Civ. P. 15(c) provides that an amendment relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(B). "The rationale behind Rule 15(c)(2) is that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice the statutes of limitations were intended to provide.' " Maegdlin v. International Ass'n of Machinists and

---

(Filing No. 205). The motion was denied, without prejudice to refiling, for Plaintiff's failure to state whether he had complied with NECivR 15.1 prior to filing the motion. Plaintiff subsequently complied with Rule 15.1 and has now refiled his motion to amend.

Aerospace Workers, District 949, 309 F.3d 1051, 1053 (8th Cir. 2002)(citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n. 3 (1984)).

Plaintiff's Proposed Complaint does nothing but clarify or add detail to the factual allegations in the operative complaint.  From the beginning of this lawsuit, all of the claims and supporting factual assertions have related to the alleged lack of medical care and supervision Plaintiff received on April 30 and May 1, 2011.  The First Amended Complaint implicates the jail nurse.  Filing No. 17, ¶12 at CM/ECF p. 4.  Ruiz was identified as the nurse in the Second Amendment Complaint.  Filing No. 63.  The factual allegations and claims specifically identified Ruiz as allegedly failing to provide adequate medical care for the Plaintiff.  Thus, while the Proposed Complaint may contain additional and more specific allegations regarding Ruiz's role in Plaintiff's care and supervision, none of the new assertions should come as a surprise to Ruiz, and they are consistent with the previous filings.  Any new factual allegations relate back to the operative complaint.  Accordingly,

IT IS ORDERED, Plaintiff's Motion for Leave to Amend, (Filing No. 209) is granted.  Plaintiff's Fourth Amended Complaint shall be filed on or before June 26, 2015.

Dated this 22nd day of June, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.