IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AROK ATEM, | ) |
| | ) |
| Plaintiff, | ) 4:13CV3017 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM** |
| LPN STACY RUIZ, in her individual and official capacity; | ) **AND ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

    By memorandum and order (Filing 325) filed July 11, 2016, the court ordered that Plaintiff advise the court by letter whether he wishes to proceed against defendant Stacy Ruiz, LPN—the only remaining defendant in this case. Further, the order stated that if Plaintiff plans to proceed against defendant Stacy Ruiz, LPN, Ruiz shall inform the court by letter whether she still wishes to assert her pending motion for summary judgment (Filing 236) in light of the dismissal of all other defendants.

    Counsel for both parties have submitted letters pursuant to the memorandum and order, stating that settlement negotiations between Plaintiff and Ruiz have failed. (Filing 326; Filing 328.) Plaintiff's counsel also filed a second letter (Filing 327) advising the court of a recent similar case from the United States District Court for the Northern District of Oklahoma, *Burke v. Glanz*, No. 11-CV-720 (N.D. Okla.), a copy of which counsel has attached to the letter. Defendant Ruiz's counsel states that she still wishes to assert her pending motion for summary judgment, and that she objects to Plaintiff's counsel's second letter to the court with attached case law because it "appears to be a quasi-supplemental reply brief." Ruiz's counsel requests that the letter be stricken. (Filing 328.)

The fact that Plaintiff's counsel has alerted the court to a recent publicly available similar case, *Burke v. Glanz*, No. 11-CV-720, 2016 WL 3951364 (N.D. Okla. July 20, 2016), prejudices no one, especially since Ruiz's motion for summary judgment has been pending for several months while the parties have been engaged in settlement negotiations and proceedings, and new case law may have developed since briefing. If Ruiz wishes to present additional case law to the court, she may certainly do so.

IT IS ORDERED:

1. If defendant Ruiz wishes to bring additional case law to the court's attention relevant to her pending motion for summary judgment (Filing 236), she may do so via letter brief, filed on or before August 8, 2016;

2. The motion for summary judgment (Filing 236) filed by defendant Ruiz shall be considered ripe for resolution on August 9, 2016, and shall be handled in the normal course of business;

3. Defendant's objection (Filing 328) to Plaintiff's counsel's second letter to the court and the attached case law (Filing 327) is denied.

DATED this 28th day of July, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge